UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

CRIMINAL NO. 94-026-FJP

VERSUS                                    (CV 12-163-FJP)

CLARENCE ROBINSON, JR.


## **RULING**

Clarence Robinson, Jr. has filed this third post-conviction motion and second motion under 28 U.S.C. § 2255 challenging his conviction for felon in possession of a firearm and subsequent sentence to imprisonment for life. Defendant was sentenced as an armed career criminal under the Armed Career Criminal Act.[1] The United States has filed an opposition to defendant's motion,[2] and defendant has filed a response brief.[3]

Robinson again asserts he received the ineffective assistance of counsel since two of his convictions were based on the guilty pleas he claims were not knowingly and voluntarily entered.

Although Robinson's current § 2255 motion claims that he has not previously filed prior post-conviction motions, a careful review of the record clearly establishes that Robinson filed a

---

[1] 18 U.S.C. § 924(e) and USSG 4B1.4.

[2] Rec. Doc. No. 118.

[3] Rec. Doc. No. 119.

Doc#47994

§2255 motion to vacate his sentence on October 12, 1997,[4] and a §2241 motion for sentence reduction on April 8, 2011.[5] Both of these motions were considered and rejected by this Court.

The § 2255 claim filed in 1997 is identical to the pending §2255 motion. In both motions the defendant claims he received the ineffective assistance of counsel.[6] In both claims he says his attorney failed to challenge the underlying convictions which were used to sentence him as a career criminal.

It is clear that the defendant has failed to obtain permission from the Fifth Circuit Court of Appeals to file this successive §2255 petition.[7] Before an inmate may file a successive § 2255 motion in this Court, the prisoner must obtain certification from the Fifth Circuit that his petition asserts either (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review

---

[4]Rec. Doc. No. 87.

[5]Rec. Doc. No. 101.

[6]*Compare* Rec. Doc. Nos. 87 and 110.

[7]*See* 28 U.S.C. §§ 2244(a) and 2244(b)(3) (A-E).

by the Supreme Court, that was previously unavailable.[8]  Robinson has failed to comply with either section.  The record reveals Robinson has not obtained Fifth Circuit certification to file his successive § 2255 petition.  Since petitioner's claims are either the same as those he raised in his prior motions for post-conviction relief or were available to him at the time he filed his previous motions, they are not based on newly discovered evidence or a new rule of constitutional law.[9]

Therefore, the Court finds that the petitioner's § 2255 motion should be dismissed without prejudice for his failure to obtain permission from the Fifth Circuit Court of Appeals to file this successive § 2255 motion.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, September 5, 2012.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[8] 28 U.S.C. § 2255; *United States v. Rich*, 141 F.3d 550, 553-54 (5th Cir. 1998).

[9] *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000).