UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

CLARENCE ROBINSON JR.                           NUMBER 94-26-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 19, 2014.

                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                   CRIMINAL ACTION

CLARENCE ROBINSON JR.                NUMBER 94-26-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

This matter is before the court on the Writ of Error Audita Querela, filed pursuant to the All Writs Act, 28 U.S.C. § 1651 by Clarence Robinson Jr. Record document number 122. The United States of America filed an opposition.[1]

**I. Procedural History**

Petitioner was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the Middle District of Louisiana. Petitioner was sentenced to serve a term of life imprisonment in the custody of the United States Bureau of Prisons, the sentence to be served consecutive to a 465 month term of imprisonment imposed by the Eastern District of Texas. Judgment was entered on October 19, 1995.

Petitioner's conviction and sentence were affirmed on appeal. *United States of America v. Clarence Robinson, Jr.*, 99 F.3d 1136

---

[1] Record document number 125.

(5th Cir. 1996).

On October 20, 1997, the petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence.[2] On February 11, 1998, the petitioner's motion was denied.[3]

On April 8, 2011, the petitioner filed a Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2241.[4] On June 30, 2011, judgment was entered dismissing the petitioner's motion.[5]

On March 21, 2012, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[6] On September 6, 2012, the petitioner's motion was denied.[7]

On June 6, 2014, the petitioner filed this Writ of Error Audita Querela pursuant to 28 U.S.C. § 1651 asserting the following grounds for relief: (1) the district court abused its discretion by admitting into evidence the name of a stipulated prior conviction in violation of *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644 (1997); and (2) his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 22, 125 S.Ct. 738 (2005).

---

[2] Record document number 87.

[3] Record document numbers 96, 97.

[4] Record document number 101.

[5] Record document number 109.

[6] Record document number 110.

[7] Record document numbers 120, 121.

No evidentiary hearing is required. Petitioner's Writ of Error Audita Querela should be denied.

## II. Applicable Law and Analysis

A. Writ of Audita Querela

"The writ *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). *See also United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010) (a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition). The writ of *audita querela* is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy. *Id*. at 488.

A prisoner may not seek a writ of *audita querela* if he may seek redress under 28 U.S.C. § 2255. *United States v. Johnson*, 350 Fed.Appx. 872, 873 (5th Cir. 2009). The fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *Id.; Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *Slaughter v. United States*, 379 Fed.Appx. 387 (5th Cir. 2010)(affirming dismissal of writ of *audita querela* because remedy for *Booker* claim was under § 2255 and petitioner had not sought leave to file a successive § 2255 motion); *United States v. Mason*, 131 Fed.Appx. 440, 441 (5th Cir.

2005)(same).

Regardless of how the petitioner labeled his pleading, it is a collateral attack on the validity of his conviction and sentence cognizable under 28 U.S.C. § 2255. Petitioner has not show that he obtained the authorization required by 28 U.S.C. § 2244(b)(3)(A) to file a successive § 2255 motion. That a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000). Having failed to show that the § 2255 remedy is unavailable, the petitioner cannot establish that he is entitled to relief pursuant to a writ of *audita querela*. *See United States v. Ford*, 372 Fed.Appx. 545, 545-546 (5th Cir. 2010); *United States v. Johnson*, 350 Fed.Appx. 872, 873 (5th Cir. 2009); *United States v. Cornett*, 350 Fed.Appx. 849, 850 (5th Cir. 2009).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Writ of Error Audita Querela be denied.

Baton Rouge, Louisiana, June 19, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE